Sheehan & Associates, P.C.
Spencer Sheehan
60 Cutter Mill Rd Ste 409
Great Neck, NY 11021-3104
Tel: (516) 268-7080
spencer@spencersheehan.com

United States District Court
Southern District of New York                               7:21-cv-01075

| | |
|---|---|
| Erin Marcinelli, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Kraft Heinz Foods Company, | |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.  Kraft Heinz Foods Company ("defendant") manufactures, distributes, markets, labels and sells frozen pizza bagels under the Bagel Bites brand purporting to be made with real mozzarella cheese ("Product").

2.  The relevant representations include "Made With Real Cheese," the "Real" dairy seal, "Mozzarella Cheese," "Mini Bagels With Mozzarella Cheese and Tomato Sauce," "Kosher Dairy" and "7g of Protein Per Serving."



      3.      Reasonable consumers understand "pizza" to refer to a combination of tomato sauce, mozzarella cheese and wheat crust.

      4.      In the context of a "pizza snack" where the crust is replaced with a bagel, consumers will still expect the other two elements – tomato sauce and mozzarella cheese.

      5.      The Product's representations are misleading because though it is labeled as containing mozzarella cheese, it actually contains a "Cheese Blend" of "Part-Skim Mozzarella Cheese" and "Modified Food Starch."

**INGREDIENTS: BAGEL HALVES** (ENRICHED FLOUR [WHEAT FLOUR, ENZYME, ASCORBIC ACID, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID], WATER, SALT, INVERT CANE SYRUP, YEAST, SOYBEAN OIL), CHEESE BLEND (PART-SKIM MOZZARELLA CHEESE [PART-SKIM MILK, CHEESE CULTURES, SALT, ENZYMES], MODIFIED FOOD STARCH, SKIM MILK), SAUCE (WATER, TOMATO PASTE, INVERT CANE SYRUP, MODIFIED CORN STARCH, SALT, METHYLCELLULOSE, CITRIC ACID, POTASSIUM CHLORIDE, AMMONIUM CHLORIDE, SPICE, YEAST EXTRACT, NATURAL FLAVOR, CALCIUM LACTATE), WATER, INVERT CANE SYRUP.

6. Mozzarella cheese is a sliceable curd cheese made from cow's milk.

7. Consumers want real mozzarella cheese in pizza because they value (1) its soft, moist texture, (2) its milky, yet tangy taste and (3) its high protein but relatively low calories and sodium compared to other cheeses.

8. Reasonable consumers do not expect a cheese blend with modified food starch where they are expecting to receive *only* mozzarella cheese.[1]

---

[1] Or part-skim mozzarella.

9. Defendant knows consumers want real mozzarella cheese which is why it is highlighted on the front label, with a protein claim (mozzarella is high in protein) and the "Real Dairy" Seal.

10. The "Real" Seal is owned by the National Milk Producers Federation ("NMPF"), which authorizes its use to third parties.

11. According to the website, realseal.com, "When you see the REAL® logo on a product in a store or on a menu in a restaurant, you can trust it's the real thing, and not a pale imitation."

12. To use the "Real" seal, a dairy product "must meet the Federal Standards of Identity, which are legal definitions of food products laid out in the Code of Federal Regulations and enforced by the Food and Drug Administration (FDA)."

13. However, the "Real" seal is not permitted, according to the NMPF, where a cheese ingredient uses extenders and fillers such as modified food starch, "vegetable proteins, vegetable oils and commonly imported additives like casein, caseinates and milk protein concentrate (MPC)."[2]

14. Since consumers are often misled by lower quality "cheese" products, standards exist to ensure a food labeled as or containing mozzarella cheese is what the front label says.

15. According to 21 C.F.R. § 133.155, mozzarella cheese is required to be made from dairy ingredients and can have only a small number of other optional ingredients. 21 C.F.R. § 133.155(a).[3]

---

[2] NMPF, Who Can Use The REAL® Seal?.
[3] New York's labeling regulations are identical to federal regulations.

16. These optional ingredients include additional milk or cream, clotting enzymes, vinegar, coloring, salt or antimycotics. 21 C.F.R. § 133.155(b)(1)-(3).

17. The reason the optional ingredients are limited is to prevent added lower quality ingredients like modified food starch.

18. The result from substituting dairy ingredients with modified food starch is a nutritionally inferior cheese product, technically described as an "imitation."

19. The reason why companies, including Defendant, add extender and filler ingredients is so they can use less of the more valuable mozzarella cheese in the form of a "cheese blend."

20. The modified food starch causes the Product to have less nutritional value than if only mozzarella cheese were used, a flat "cardboard-like" taste and a rubbery mouthfeel.

21. Though the term is seldom used anymore, a food is considered an imitation "if it is a substitute for and resembles another food but is nutritionally inferior to that food." 21 C.F.R. § 101.3(e)(1).

22. The cheese blend with added modified starch substitutes for and resembles mozzarella cheese.

23. However, because the cheese blend lacks the protein of mozzarella cheese, it can and should be described as "imitation mozzarella cheese."

24. Imitation foods are required to inform consumers of what they are buying through a front label statement, i.e., "Imitation Mozzarella."

25. The average consumer spends fifteen seconds deciding to purchase a specific product, and consistent, truthful labeling gives them confidence to make quick buying decisions.

26. Consumers are misled because the front label fails to disclose – as required by law – that the Product is made with imitation mozzarella cheese.

5

27. Moreover, even consumers who read the small print ingredient list will not know that the cheese blend used is nutritionally inferior to mozzarella cheese since they will not be able to consult nutritional values of mozzarella cheese and modified food starch at the point of sale.

28. Further, the ingredient list fails to identify the cheese blend as an imitation, so consumers could easily learn of the nutritional inferiority of this ingredient compared to what they were expecting.

29. Nowhere on the Product does Defendant disclose that the Product contains imitation mozzarella cheese.

30. Defendant misrepresented the Product through affirmative statements, half-truths, and omissions.

31. Defendant sold more of the Product and at higher prices than it would have in absence of this misconduct, resulting in additional profits at the expense of consumers.

32. Had plaintiff and the proposed class members known the truth, they would not have bought the Product or would have paid less for it.

33. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than no less than $10.99 for boxes of 72 bagel halves (56 OZ), excluding tax, compared to other similar products represented in a non-misleading way, and higher than it would be sold for absent the misleading representations.

Jurisdiction and Venue

34. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

35. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal

diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

36. Plaintiff Erin Marcinelli is a citizen of New York.

37. Defendant Kraft Heinz Foods Company is a Pennsylvania limited liability company with a principal place of business in Pittsburgh, Allegheny County, Pennsylvania and upon information and belief, at least one member of Defendant is not a citizen of New York.

38. Diversity exists because plaintiff Erin Marcinelli and at least one of defendant's members are citizens of different states.

39. Upon information and belief, sales of the Product and statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

40. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

41. Venue is further supported because many class members reside in this District.

### Parties

42. Plaintiff Erin Marcinelli is a citizen of Poughkeepsie, Dutchess County, New York.

43. Defendant Kraft Heinz Foods Company is a Pennsylvania limited liability company with a principal place of business in Pittsburgh, Pennsylvania, Allegheny County.

44. Defendant, through its Ore-Ida brand and Bagel Bites product line, sells frozen bagel-based snacks, including a variety of pizza bagels and hot dogs wrapped inside bagel pieces.

45. Defendant's brand is associated with the highest levels of quality, owing to its long history of selling food products to Americans.

46. The Product is sold to consumers from retail and online stores of third-parties across the country, in boxes of 72 bagel halves.

47. During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within her district and/or State in reliance on its representations and omissions.

48. Plaintiff bought the Product on one or more occasions within the statute of limitations from one or more locations, including between January 22, 2021 and January 29, 2021, from Stop & Shop, 59 Burnett Blvd, Poughkeepsie, NY 12603.

49. Plaintiff bought the Product at or exceeding the above-referenced price because she wanted to buy a product with the qualities and attributes represented herein.

50. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

51. The Products was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

52. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's labeling is consistent with its composition and origins.

## Class Allegations

53. The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

54. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

55. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

56. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

57. Plaintiff is an adequate representative because her interests do not conflict with other members.

58. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

59. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

60. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

61. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

62. Plaintiff incorporates by reference all preceding paragraphs.

63. Plaintiff and class members desired to purchase a product described and identified by Defendant – containing mozzarella cheese and not a cheese blend with lower value extender ingredients like food starch, i.e., imitation mozzarella cheese.

64. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

65. Defendant misrepresented the Product through its statements, omissions, ambiguities, half-truths and/or actions.

66. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

67. Plaintiff incorporates by reference all preceding paragraphs.

68. The Product was manufactured, labeled and sold by defendant and warranted to

9

plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which it did not.

69. The amount and proportion of the characterizing component has a material bearing on price or consumer acceptance of the Product because consumers are willing to pay more for such components.

70. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

71. This duty is based, in part, on Defendant's position as one of the most recognized companies in the nation in this sector.

72. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

73. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product.

74. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

75. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

76. Plaintiff incorporates by reference all preceding paragraphs.

77. Defendant had a duty to truthfully represent the Product, which it breached.

78. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

79. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

80. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

81. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

82. Plaintiff incorporates by reference all preceding paragraphs.

83. Defendant misrepresented and/or omitted the attributes and qualities of the Product.

84. Defendant's fraudulent intent is evinced by its failure to accurately disclose the issues described herein, when it knew not doing so would mislead consumers.

85. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Unjust Enrichment

86. Plaintiff incorporates by reference all preceding paragraphs.

87. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the

undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: February 6, 2021

    Respectfully submitted,

    Sheehan & Associates, P.C.
    /s/Spencer Sheehan
    Spencer Sheehan
    60 Cutter Mill Rd Ste 409
    Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
    spencer@spencersheehan.com
    E.D.N.Y. # SS-8533
    S.D.N.Y. # SS-2056

7:21-cv-01075
United States District Court
Southern District of New York

Erin Marcinelli, individually and on behalf of all others similarly situated,

                              Plaintiff,

   - against -

Kraft Heinz Foods Company,

                              Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cutter Mill Rd Ste 409
  Great Neck NY 11021-3104
     Tel: (516) 268-7080
     Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: February 6, 2021

                                                                         /s/ Spencer Sheehan
                                                                         Spencer Sheehan